NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OREGON NATURAL DESERT ASS'N;
WESTERN WATERSHEDS PROJECT,

        Plaintiffs - Appellants,

  v.

CAROLYN FREEBORN, Field Manager,
Jordan Resource Area, BLM; DAVE
HENDERSON, Vale District Manager,
BLM; BUREAU OF LAND
MANAGEMENT; UNITED STATES
DEPARTMENT OF THE INTERIOR,

        Defendants - Appellees.

No. 11-35143

D.C. No. 3:06-cv-01311-MO

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Argued and Submitted October 12, 2011
Portland, Oregon

Before: EBEL,[**] BERZON, and N.R. SMITH, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable David M. Ebel, Senior Circuit Judge for the Tenth Circuit, sitting by designation.

Oregon Natural Desert Association and Western Watersheds Project (collectively ONDA) appeal the district court's grant of summary judgment in favor of the Bureau of Land Management (BLM) and BLM officials. The district court held that ONDA's National Environmental Protection Act (NEPA) challenge to BLM's March 2010 decisions regarding grazing management in the Louse Canyon Geographic Management Area of southeastern Oregon was rendered moot by BLM's subsequent December 2010 grazing management decisions. Because ONDA's challenge is not moot, we reverse and remand.

1. The BLM's December 2010 decisions left challenged conditions from the March 2010 decisions still in effect: (1) conditions on the use of already-built range projects and (2) conditions on the reissuance of grazing permits. Both had initially been authorized by the BLM in its July 2005 grazing management decisions. In its June 2010 amended complaint, ONDA challenged the use of already-built range projects by requesting that the court enter an injunction to remove designated projects. ONDA also challenged the reissuance of grazing

permits by requesting that the March 2010 decisions (which renewed the July 2005 decisions to reissue the grazing permits) be set aside.[1]

While BLM argues that the December 2010 decisions superseded the March 2010 decisions, the December 2010 decisions only reaffirmed the parts of the March 2010 decisions that governed use of already-built range projects and the issuance of grazing permits. Because those same conditions are still in effect and the same controversies exist after the issuance of the December 2010 decisions, ONDA's NEPA challenge to the March 2010 decisions was not mooted by superseding agency decisions. *See Kescoli v. Babbitt*, 101 F.3d 1304, 1308–09 (9th Cir. 1996).

2. Effective relief would be available to remedy BLM's alleged violations of NEPA stemming from the March 2010 decisions (as reaffirmed by the December 2010 decisions). Effective relief is available to remedy the harms from the already-built range projects. The district court could order BLM to mitigate the damage caused by those projects constructed in violation of NEPA. *See Or. Natural Res. Council v. U.S. BLM*, 470 F.3d 818, 820–21 (9th Cir. 2006).

---

[1] Even if ONDA did not adequately challenge the two conditions in its amended complaint, the parties offered sufficient evidence regarding those conditions at the summary judgment stage. The district court could then allow ONDA to amend its prayer for relief to reflect the issues presented at summary judgment and meet the applicable pleading standards.

Effective relief is also available to remedy the harms from issuing the grazing permits. Grazing is currently conducted in accordance with the court-approved 2002 interim grazing management strategy. However, for any grazing to take place at all, it must be authorized by a grazing permit. *See* 43 C.F.R. § 4130.2(a). If BLM violated NEPA when it made the March 2010 decisions (that reaffirmed the reissuance of the grazing permits in the July 2005 decisions), the district court could end such authorization and thereby halt any grazing through enjoining the March 2010 decisions. The district court could also order BLM "to develop tactics to mitigate the damage caused by [any NEPA] violation[s], such as moving or removing livestock from the allotments so the land can repair itself." *Forest Guardians v. U.S. Forest Serv.*, 329 F.3d 1089, 1094 (9th Cir. 2003). ONDA's challenge is therefore not moot.

3. ONDA requests that we direct the district court to issue a permanent injunction to ensure that BLM complies with NEPA. However, the appropriateness and scope of an injunction "raise[s] intensely factual issues, and for that reason should be decided in the first instance by the district court." *Alaska Wilderness Recreation & Tourism Ass'n v. Morrison*, 67 F.3d 723, 732 (9th Cir. 1995) (internal quotation marks omitted). BLM did not submit evidence "as to the scope of permanent injunctive relief" to the district court, and so the record has not

4

been fully "developed in [that] respect." *Natural Res. Def. Council v. U.S. Forest Serv.*, 421 F.3d 797, 816 n.29 (9th Cir. 2005).

Thus, we remand this case to the district court for consideration of the merits of ONDA's NEPA challenge. On remand, the court should address the appropriateness of ONDA's requested injunctive relief and the proper scope of any granted injunctive relief.

**REVERSED AND REMANDED.**